AO 106 (Rev 04/10) Application for a Search Warrant        AUTHORIZED AND APPROVED/DATE  /s/ Stephen C Hoch 7-23-25

# UNITED STATES DISTRICT COURT
for the
Western District of Oklahoma

In the Matter of the Search of                         )
*(Briefly describe the property to be searched*         )
*or identify the person by name and address)*           )     Case No. M-25-438-CMS$M
                                                        )
In the Matter of the Search of a black Motorola Cellular Phone,  )
SIM #890128023213905901 22, located at FBI Oklahoma City,  )
3301 W Memorial Road, Oklahoma City, 73134              )

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*

See Attachment A

located in the ____Western____ District of ____Oklahoma____ , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
   ☑ evidence of a crime;
   ☑ contraband, fruits of crime, or other items illegally possessed;
   ☑ property designed for use, intended for use, or used in committing a crime;
   ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841(a)(1) | Possession with Intent to Distribute a Controlled Substance |
| 21 U S C § 846 | Drug Conspiracy |
| 18 U S C § 922(g)(1) | Felon in Possession of a Firearm |

The application is based on these facts:

See attached Affidavit.

   ☑ Continued on the attached sheet.
   ☐ Delayed notice of ____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Harrison Fincham, Task Force Officer, FBI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: July 24, 2025

_____
*Judge's signature*

City and state: Oklahoma City, Oklahoma        CHRIS M. STEPHENS, U S Magistrate Judge
                                                *Printed name and title*

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| In the Matter of the Search of a black Motorola Cellular Phone, SIM #89012802321390590122, located at FBI Oklahoma City, 3301 W. Memorial Road, Oklahoma City, OK 73134 | Case No. M-25-438   -CMS |

**AFFIDAVIT IN SUPPORT OF**
**AN APPLICATION FOR A SEARCH WARRANT**

I, Harrison Fincham, having been duly sworn, depose and state as follows:

### INTRODUCTION

1. I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the examination of property, an electronic device identified below and in **Attachment A,** which is currently in law enforcement possession, and the extraction from that property of electronically stored information described in **Attachment B,** which constitutes evidence of violations of 21 U.S.C. § 841(a)(1) and § 846 and 18 U.S.C. § 922(g)(1).

2. I am a federal law enforcement officer as defined under Federal Rule of Criminal Procedure 41(a)(2)(C) and am authorized to request this search warrant because I am a government agent who is engaged in enforcing

federal criminal laws and I am within the category of officers authorized by the Attorney General to request such a warrant.

3. I am an investigative or law enforcement officer within the meaning of 18 U.S.C. § 2510(7), that is, an officer of the U.S. who is empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in 18 U.S.C. § 2516. I am a federal Task Force Officer (TFO) with the Federal Bureau of Investigation (FBI) in Oklahoma City and have been so employed since 2021. Additionally, I have been employed by the Oklahoma City Police Department (OCPD) since January 2008.

4. As part of my duties as a TFO, I investigate criminal violations relating to trafficking in illegal narcotics. As a result of my training and experience, including information provided by other federal agents with applicable knowledge, I am familiar with the tactics, methods, and techniques used by drug traffickers. I have participated in the execution of multiple federal search warrants targeting various types of evidence and property. In light of my training and experience, I know the following:

    a. I am aware that drug couriers, and people associated with drug trafficking organizations (DTOs), often use electronic devices, including computers, tablets, cellular phones, and other electronic storage devices, to communicate and execute

            electronic transactions which can, in turn, create automatic records and documentation of the transactions;

    b.    I am aware that that it is particularly common for individuals engaged in the sale and distribution of illegal drugs to use electronic devices to track and document financial transactions;

    c.    I am aware that individuals engaged in drug trafficking will often maintain more than one cell phone or electronic device, and that they will frequently keep contact information and other evidence of their financial dealings with DTOs on cellular phones, computers, tablets, and other storage devices and that they often keep such electronic devices on or near their person.

    d.    I am aware that drug traffickers use their cellular phones and other electronic devices to execute financial transactions through banks, financial institutions, and peer-to-peer mobile payment platforms in furtherance of their drug trafficking.

5.    I am submitting this Affidavit in support of a search warrant authorizing a search of a black Motorola Cellular Phone, SIM #89012802321390590122 (**Subject Device**) which is located at the FBI

Oklahoma City Field Office, 3301 W. Memorial Road, Oklahoma City, OK 73134, as further described in **Attachment A,** which is incorporated into this Affidavit by reference. I am submitting this Affidavit in support of a search warrant, which would authorize the forensic examination of the **Subject Device** for the purpose of identifying electronically stored data that is particularly described in **Attachment B,** which constitutes evidence of a violations of 21 U.S.C. § 841(a)(1) and § 846 and 18 U.S.C. § 922(g)(1). The requested warrant would also authorize the seizure of the items and information specified in **Attachment B.**

     6.    Based on my training and experience, and the facts set forth in this Affidavit, there is probable cause to believe that violations of 21 U.S.C. § 841(a)(1) and § 846 and 18 U.S.C. § 922(g)(1) have been committed by **Ian Judd** and others. There is also probable cause to search the property described in **Attachment A** for evidence of these crimes, as described in **Attachment B.**

     7.    Since this Affidavit is being submitted for the limited purpose of securing a search warrant, I have not included each and every fact known to me regarding this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to support the issuance of a search warrant. The information contained in this Affidavit is based upon my personal knowledge and observation, my training and experience,

conversations with other law enforcement officers and witnesses, and review of documents and records.

## FACTS SUPPORTING PROBABLE CAUSE

8. In May 2025, law enforcement identified **Ian Judd** as a member of the Irish Mob Gang who was distributing large amounts of methamphetamine within the Oklahoma City area. Law enforcement discovered that **Judd** was residing at 3108 SW 119th Street in Oklahoma City, Oklahoma, within the Western District of Oklahoma (**Subject Residence**). **Judd** has previous felony convictions.

9. On July 10, 2025, law enforcement executed a residential search warrant at the **Subject Residence**. During the search, law enforcement recovered approximately twenty-five pounds of methamphetamine, one assault rifle, and three handguns in **Judd's** bedroom. Additionally, law enforcement recovered approximately $4,000 from **Judd's** person, as well as the **Subject Device**. **Judd** was subsequently charged by federal criminal complaint for violations of 18 U.S.C. § 922(g)(1) (felon in possession of firearms) and 21 U.S.C. § 841(a)(1) (possession of methamphetamine with intent to distribute) (*see* CR-25-427-CMS).

10. The **Subject Device** has remained in law enforcement custody since July 10, 2025. It is currently stored at the FBI's Oklahoma City field office, located at 3301 W. Memorial Road, Oklahoma City, OK 73134. The

**Subject Device** has been stored and secured such that its contents, to the extent material to this investigation, are in substantially the same state as the time the **Subject Device** was seized.

11. Based on my training and experience, I am aware that individuals involved in trafficking illegal drugs often use cellular phones to maintain contact with other co-conspirators, including suppliers, transporters, distributors, and purchasers of illegal drugs. Such cellular phones and their associated memory cards commonly contain electronically stored information which constitutes evidence, fruits, and instrumentalities of drug-trafficking offenses including, but not limited to, the phone directory and/or contacts list, calendar, text messages, e-mail messages, call logs, photographs, and videos.

12. Based on my training and experience, I know that individuals involved in trafficking illegal drugs often take and store photographs of controlled substances and the proceeds of drug sales and usually take and store these photographs using their cellular phones. I also know from my training and experience that evidence of financial transactions conducted in furtherance of drug trafficking will often be found on a suspect's cellular phone.

13. Based on my training and experience, I am aware that individuals involved in the violation of federal firearms laws often use cellular phones to maintain contact with individuals who transport and illegally sell firearms. Specifically, these individuals often use cellular phones to purchase and sell

firearms on the Internet, send photos and/or videos of the firearms that they intend to purchase and/or sell, send videos of firearms to prove their functionality, and coordinate in-person transactions for firearms.

14. Based on my training and experience, I know that electronic devices, such as the **Subject Device,** can store information for long periods of time, even years. Similarly, things that have been viewed via the Internet are typically stored for some period of time on the electronic device. This information can sometimes be recovered months or years later using readily available forensic tools. This is true even if the user of the electronic device deleted the file. This is so because when a person "deletes" a file on a computer or electronic device, the data contained in the file does not actually disappear; rather, the data remains on the storage medium until it is overwritten by new data.

## AUTHORIZATION REQUEST

15. Based on the above information, there is probable cause to believe that violations of 21 U.S.C. § 841(a)(1) and § 846 and 18 U.S.C. § 922(g)(1) have occurred, and that evidence, fruits, and instrumentalities of these offenses are located on the **Subject Device.** Therefore, I respectfully request that this Court issue a search warrant for the **Subject Device,** described in **Attachment A,** authorizing the seizure of the items described in **Attachment B.**

16. Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the **Subject Device** consistent with the warrant. The examination may require law enforcement to employ techniques including, but not limited to, computer-assisted scans of the entire medium, which might expose many parts of the **Subject Device** to human inspection in order to determine whether it is evidence described by the warrant.

17. Because the warrant seeks only permission to examine devices already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premises. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

_[signature]_
HARRISON FINCHAM
Task Force Officer
Federal Bureau of Investigation

Subscribed and sworn to before me on this <u>24th</u> day of July, 2025.

_[signature]_
CHRIS M. STEPHENS
United States Magistrate Judge

# ATTACHMENT A

The property to be searched is a black Motorola Cellular Phone, SIM #89012802321390590122 (**Subject Device**). The **Subject Device** is located at the FBI Oklahoma City Field Office, 3301 W. Memorial Road, Oklahoma City, OK 73134. This warrant authorizes the forensic examination of the **Subject Device** for the purpose of identifying the electronically stored information described in **Attachment B**.

*Front of **Subject Device***



*Back of* **Subject Device**



2

## ATTACHMENT B

1. All records on the **Subject Device,** described in **Attachment A,** that relate to violations of 21 U.S.C. § 841(a)(1), 21 U.S.C. § 846, and 18 U.S.C. § 922(g)(1) involving **Ian Judd**, specifically, electronically stored data, as well as deleted and temporary deleted data, including, but not limited to:

   a. Device information and identifiers, including passwords and user and account identifiers and information;

   b. Any and all images, videos, audio recordings, and any other digital media content of co-conspirators, assets, illegal drugs and drug trafficking paraphernalia, or firearms and ammunition;

   c. call logs, address books or contacts, notes, emails, calendar entries, applications, chat messages, instant messages, multimedia (MMS) messages, text (SMS) messages, multimedia files, GPS data, internet access, web history and bookmarks, IP addresses and accounts, text messages, voicemail messages;

   d. lists of customers and related identifying information;

   e. types, amounts, and prices of drugs trafficked as well as dates, places, and amounts of specific transactions;

   f. any information related to sources of drugs or firearms/ammunition (including names, addresses, phone numbers, or any other identifying information);

   g. all bank records, checks, credit card bills, account information, and other financial records;

   h. records documenting the use of the Internet Protocol addresses to communicated with e-mail servers, internet sites, and social media, including:

      i. records of Internet Protocol addresses used;

      ii. records of Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses.

2. Evidence of user attribution showing who used or owned the **Subject Device** at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history.

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.

This warrant authorizes a review of electronic storage media seized, electronically stored information, communications, other records and information seized, copied, or disclosed pursuant to this warrant in order to locate any evidence, fruits, and instrumentalities of violations of the above-listed federal criminal statutes. The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to

this warrant, FBI Task Force Officer Fincham may deliver a complete copy of the seized, copied, or disclosed electronic data to the custody and control of attorneys for the government and their support staff for their independent review.